{¶ 54} I concur in the majority's judgment denying Appellant's application to reopen his appeal. I write separately to clarify certain issues in the third and fifth issues which Appellant presents in his application.
 {¶ 55} In his third proposed assignment of error, Appellant claims that appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness in regard to an answer which a police officer gave to defense counsel's line of questioning. Appellant argues, among other things, that trial counsel should have asked the trial court for a curative instruction. The majority does not directly address the failure to give a curative instruction. However, Appellant did not raise this issue in the trial court and, as the majority notes, would not have been acquitted but for this testimony. Opinion at ¶ 38. Accordingly, Appellant could not successfully challenge the trial court's failure to give this instruction in his appeal.
 {¶ 56} In his fifth proposed assignment of error, Appellant claims that his rights under the Confrontation Clause were violated because he was not present during the hearing on the minor child's competency to testify. The majority cites cases from the Ohio Supreme Court which are not directly on point, rather than citing to Kentucky v. Stincer (1987),482 U.S. 730, in which the United States Supreme Court directly rejected such a claim.
 {¶ 57} In Stincer, the Court specifically held that a defendant's rights under the Confrontation Clause are not violated by his exclusion from a competency hearing because his exclusion from that hearing does not interfere with his opportunity for *Page 13 
effective cross-examination at trial. Id. at 736-744. In reaching this conclusion, the Court noted that in Kentucky (as is the case in Ohio), it is the responsibility of the judge, not the jury, to determine a witnesses' competency to testify; moreover that responsibility continues throughout the trial. Id. at 742, 743. Thus, defendant's counsel could question the witnesses regarding their competency at trial, in the defendant's presence, to not only undermine their credibility, but to explore their competency again and move the trial court to reconsider its ruling regarding the witnesses' competence if counsel deems is warranted. Id. Thus, a defendant's constitutional right to confront the witnesses against him is preserved.
 {¶ 58} Clearly, appellate counsel cannot be ineffective for failing to make an argument the United States Supreme Court held meritless twenty years ago and this cannot form a basis for reopening this appeal. *Page 1